IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**RALPH E. UMPHREY,**

    **Plaintiffs,**

v.                                   **CIVIL ACTION NO. 3:16CV4**
                                            **(JUDGE GROH)**

**WEST VIRGINIA UNVERSITY
BERKELEY MEDICAL CENTER
BEHAVIORAL HEALTH UNIT,**

    **Defendant.**

## REPORT AND RECOMMENDATION THAT
## PLAINTIFF'S COMPLAINT [1] BE DISMISSED

### I. INTRODUCTION

*A. Background*

This matter is currently before the Court on Plaintiff's Motion [ECF No. 2] for Leave to Proceed *In Forma Pauperis*. On January 7, 2016, Plaintiff Ralph E. Umphrey filed a *pro se* Complaint. ECF No. 1. Plaintiff alleges that he was held at the West Virginia University Berkeley Count Medical Center Behavioral Unit for thirteen days when he had agreed only to be held "a few days." Complaint, ECF No. 1 at 2. He further alleges that "[o]ne of workers made my [d]ad[,] Charles Umphrey[,] [m]edical [p]roxy in which I did not [a]gree to was given medication that I did not need was overdosed with In vega Injections." Id.

Plaintiff cites no statutes throughout the Complaint when arguing his rights have been violated. Id. His narrative statement is incomprehensible and accordingly, fails to provide

sufficient information to determine exactly what the Plaintiff is charging and /or why he believes he is entitled to relief.

### B. *Standard of Review*

When filing a lawsuit in federal court, the plaintiff is required to pay certain filing fees. The Court has the authority to allow a case to proceed without the prepayment of fees "by a person who affirms by affidavit that he or she is unable to pay costs." L.R. Gen. P. 3.01; *see also* 28 U.S.C. § 1915(a)(1). The plaintiff files this affidavit along with their request or Motion for Leave to Proceed *In Forma Pauperis*. See FED. R. CIV. P. 24. The Supreme Court has explained that the purpose of the "federal *in forma pauperis* statute…is designed to ensure that indigent litigants have meaningful access to the federal courts." Neitzke v. Williams, 490 U.S. 319, 324, 109 S. Ct. 1827, 1831 (1989).

When a plaintiff seeks to proceed *in forma pauperis*, the court conducts a preliminary review of the lawsuit before allowing the case to proceed. See 28 U.S.C. § 1915(e). The court must dismiss a case at any time if the court determines that it does not have subject-matter jurisdiction, or that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See FED. R. CIV. P. 12(h)(3); 28 U.S.C. §§ 1331 and 1332; 28 U.S.C. § 1915(e)(2)(B). A case is often dismissed *sua sponte* (i.e., based on the court's own decision) before the defendant is notified of the case "so as to spare prospective defendants the inconvenience and expense of answering such complaints." Neitzke, 490 U.S. at 324. When reviewing a case filed by a plaintiff proceeding *pro se*, the Court liberally construes the complaint. See Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. **DISCUSSION**

*A. Jurisdiction*

Only certain types of cases may be filed in federal district court. In order to properly rule on a lawsuit, a federal district court must be able to exercise jurisdiction over the parties and particular claims raised in a complaint. A federal district court may exercise subject matter jurisdiction over cases that involve a "federal question" or those cases that involve a controversy exceeding $75,000 between citizens from different states. See 28 U.S.C. §§ 1331 and 1332. Under the Federal Rules of Civil Procedure, the Court may dismiss a case at any time if the court determines that the case lacks subject matter jurisdiction. FED. R. CIV. P. 12(h)(3).

### 1. Federal Question Jurisdiction Under 28 U.S.C. § 1331

In order to base subject matter jurisdiction on "federal question" jurisdiction under 28 U.S.C. § 1331, the civil case must "aris[e] under the Constitution, laws, or treaties of the United States." The well-pleaded complaint rule requires that the federal question appear on the face of a properly-pleaded complaint; otherwise, the court lacks federal question jurisdiction. *See Columbia Gas Transmission Corp. v. Drain*, 237 F.3d 366, 370 (4th Cir. 2001) (citing *Merrell Dow Pharm., Inc.* v. *Thompson*, 478 U.S. 804, 808 (1986)). Federal question jurisdiction, however, "may not be premised on the mere citation of federal statutes." *Weller v. Dep't of Soc. Servs. for City of Balt.*, 901 F.2d 387, 391 (4th Cir. 1990).

Here, Plaintiff cites no federal statutes. Plaintiff's one page hand written complaint may potentially allege violations of some uncited criminal statutes. However, criminal statutes cannot be the basis of jurisdiction in a civil case. *See Whittington v. U.S. Bank Nat. Ass'n*, No. 4:12-CV-03167-MGL, 2013 WL 2285943, at *11 (D.S.C. May 23, 2013) (finding that a federal criminal statute did not give the court federal question jurisdiction over a civil case.). Moreover, while

3

federal district courts do have jurisdiction over criminal cases, a plaintiff filing a civil case cannot bring a criminal case against another person. See Lopez v. Robinson, 914 F.2d 486, 494 (4th Cir. 1990) (stating that "[n]o citizen has an enforceable right to institute a criminal prosecution."). Accordingly, the Court cannot exercise subject matter jurisdiction over any alleged violations of federal criminal law asserted by Plaintiff in this civil case.[1]

### 2. Diversity Jurisdiction Under 28 U.S.C. § 1332

Federal courts may also exercise diversity jurisdiction over a civil case. Under 28 U.S.C. § 1332, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different States." To base subject matter jurisdiction upon § 1332, complete diversity must exist, which means the citizenship of the plaintiff must be different from the citizenship of *each and every* defendant. See Cent. W. Va. Energy Co. v. Mt. State Carbon, LLC, 636 F.3d 101, 103 (4th Cir. 2011) (explaining that "Section 1332 requires complete diversity among parties, meaning that the citizenship of every plaintiff must be different from the citizenship of every defendant.") (citing Caterpillar, Inc. v. Lewis, 519 U.S. 61, 68 (1996)). Also, it is required in a diversity case that the amount in controversy exceeds $75,000, exclusive of interest and costs. See 28 U.S.C. § 1332; see also Toler v. State Farm Mut. Auto. Ins. Co., 25 Fed. Appx. 141, 143 (4th Cir. 2001).

Plaintiff may be asserting there is diversity jurisdiction since he mentions having lived in Tennessee in his complaint and having filed a lawsuit in federal court there.[2] However, in filing

---

[1] Due to the unintelligible nature of Plaintiff's complaint, it is impossible to identify any specific claim which would give rise to a federal question. To the extent his claim is that he was hospitalized for thirteen (13) days instead of the agreed "few" days constitutes a criminal violation, it cannot be the basis of jurisdiction in a civil action.

[2] The Court notes that it found four cases filed in the United States District Court for the Eastern District of Tennessee by the Plaintiff. Three of these cases were dismissed in the initial screening as frivolous and

4

this complaint, Plaintiff listed his address as 230 Hollow Trail, Hedgesville, WV 25427.[3] The named Defendant is a West Virginia corporation. Therefore, there is not complete diversity as required by §1332. Accordingly, the Court does not have subject matter jurisdiction under § 1332 because Plaintiff and the Defendant are both West Virginia citizens. See Cent. W. Va. Energy Co., 636 F.3d at 103.

### III. RECOMMENDATION

The Court finds it lacks subject matter jurisdiction over Plaintiff's claims and dismissal is warranted pursuant to the Federal Rules of Civil Procedure Rule 12(h)(3). For the reasons set forth in this opinion, the undersigned respectfully recommends that Plaintiff's Complaint [**ECF No. 1**] be **DISMISSED WITHOUT PREJUDICE** and that Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* [**ECF No. 2**] be **DENIED** as moot.

Within **fourteen (14) days** after being served with a copy of this Report and Recommendation, Plaintiff Ralph E. Umphrey may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

---

for failure to state a claim. See U.S. District Court Eastern District of Tennessee, 1:13CV186, 1:13CV243 and 1:15CV276. The fourth case, while still pending, appears to relate to one of the previously dismissed actions. See U.S. District Court Eastern District of Tennessee, 1:15CV277.

[3] Additionally, Plaintiff filed the 2015 cases in the U.S. District Court for the Eastern District of Tennessee listing Hedgesville, West Virginia as his address. See U.S. District Court for the Eastern District of Tennessee, 1:15CV276 and 1:15CV277.

The Court further directs the Clerk of the Court to mail a copy of this Report and Recommendation to the *pro se* Plaintiff Ralph E. Umphrey.

**DATED**: 1-12-2016

_____
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE